**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

v.

KENT E. HOVIND
  and
PAUL JOHN HANSEN

_____/

**SUPERSEDING
INDICTMENT**
Case No.:   3:14cr91/MCR

**THE GRAND JURY CHARGES:**

<div align="center">

**COUNT ONE**

</div>

At all times material to this Indictment:

<div align="center">

**A.  INTRODUCTION**

</div>

1.     Defendant **KENT E. HOVIND** owned Creation Science Evangelism ("CSE") and various related business entities located in Pensacola, Florida.

2.     In or about July 2006, the Grand Jury in the Northern District of Florida returned a fifty-eight count Indictment against defendant **KENT E. HOVIND** and his wife, Jo D. Hovind, for various charges including failure to withhold payroll taxes of CSE employees, structuring, and impairing and impeding the lawful function of the Internal Revenue Service ("IRS") in case number 3:06cr83/MCR.  On or about November 2, 2006, **HOVIND** and his wife were found guilty following a jury trial.  The jury unanimously also found that $430,400 was subject to forfeiture.

<div style="border:1px solid black; padding:6px; width:40%; margin-left:auto;">

Returned in open court pursuant to Rule 6(f)

11- 18 - 14
_____
Date

*Elizabeth M. Timothy*
_____
United States Magistrate Judge

</div>

3.      Thereafter, the United States filed *lis pendens* on ten pieces of real property that had been identified as being subject to forfeiture.  Following trial, United States District Judge M. Casey Rodgers sentenced defendant **KENT E. HOVIND** to ten years in prison.  Judge Rodgers also entered a Final Order of Forfeiture in the form of a monetary judgment in the amount of $430,400 against **HOVIND** and his wife, as a result of the jury's finding.

4.      In or about June 2007, the United States District Court entered an Order Forfeiting Substitute Property, which forfeited the interest of defendant **KENT E. HOVIND** and his wife, Jo D. Hovind, in the currency held in a Wachovia Bank account and the following real properties located in Pensacola, Florida:  5720 North Palafox Highway; 400 Block Cummings Road; 5800 Block North Old Palafox Street; 29 Cummings Road; 21 Cummings Road; 100 Cummings Road; 23 Cummings Road; 120 Oleander Road; 12 Oleander Road; and 116 Cummings Road.   Thereafter, E.H. filed an objection to the forfeiture of 23 Cummings Road, and G.S. filed an objection to the forfeiture of the remaining nine pieces of real property, as purported trustee for various alleged trusts.

5.      In or about October 2008, the United States filed a Motion for Summary Judgment asking that the United States be authorized to dispose of bank accounts and real property to satisfy the $430,400 monetary judgment of forfeiture previously entered by the Court.

6.      In or about July 2009, the United States District Court entered an Order granting the United States' Motion for Summary Judgment and authorized the United

2

States to dispose of bank accounts and the following real property located in Pensacola, Florida, to satisfy the $430,400 monetary judgment of forfeiture:   The 5800 N. Palafox Trust; The 5720 N. Palafox Trust; The 29 Cummings Road Trust; The 400 Block Cummings Subdivision Trust; The 21 Cummings Road Trust; The 116 Cummings Road property; The 100 Cummings Road property; The 120 Oleander Drive property; and The 12 Oleander Drive property.   Thereafter, the United States initiated the process to sell the pieces of real property.

7.     In or about July 2011, A.J. purchased the real property located at 5720 North Palafox Highway, Pensacola, Florida, and a warranty deed was issued to A.J.

8.     Beginning in or about June 2011, and through in or about September 2011, defendant **PAUL JOHN HANSEN** caused liens to be filed with the Escambia County Clerk of Court on the nine pieces of real property ordered forfeited by the United States District Court in July 2009.

9.     On or about September 19, 2011, defendant **PAUL JOHN HANSEN** caused a document titled "Quiet Title – Equitable Action" to be filed in the Circuit Court of the First Judicial Circuit in Escambia County, Florida.   **HANSEN's** pleading identified the nine pieces of real property ordered forfeited by the United States District Court in July 2009.   Thereafter, **HANSEN's** civil action was removed to the United States District Court of the Northern District of Florida in case number 3:11cv475/MCR.   In or about December 2011, the civil action was dismissed.

10.     On or about March 26, 2012, the United States filed a Complaint in case number 3:12cv136/MCR seeking an Order from the District Court for the Northern District

3

of Florida to declare that the liens filed by defendant **PAUL JOHN HANSEN** between June 2011 and September 2011 were null and void. The United States further sought a permanent injunction directing that Creation Science Evangelism, Creation Science Evangelism Foundation, 21 Cummings Road Trust, 400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N. Palafox Trust, 29 Cummings Road Trust, and any agent or representative acting on their behalf take no further action to file or attempt to file any liens, notices, financing statements, and claims of whatever nature with the Clerk of Court in and for Escambia County, or attempting, in any manner, to cloud title of the properties without first obtaining the advice of a licensed Florida attorney or an Order from the Court. Thereafter, copies of the United States' Complaint were mailed via certified mail to 1548 N. 19, Omaha, Nebraska.

11.     Thereafter, defendant **PAUL JOHN HANSEN** caused documents and pleadings to be filed with the United States District Court for the Northern District of Florida in case number 3:12cv136/MCR. The documents and pleadings were rejected by the District Court.

12.     On or about June 11, 2012, the United States filed a Motion for Default Summary Judgment asking that the District Court for the Northern District of Florida enter final summary judgment in favor of the United States in case number 3:12cv136/MCR.

13.     On or about June 27, 2012, Chief United States District Judge M. Casey Rodgers entered an Order granting the United States' motion. As part of the Order, the Court held that defendant **PAUL JOHN HANSEN's** liens were null and void. The Court further entered the injunction sought by the United States and directed the United States to

4

file a copy of the Court's Order with the Clerk of Court for Escambia County, Florida. The United States filed a copy of the Court's Order with the Clerk of Court as directed and sent a copy to **HANSEN**.

14.     Between on or about April 10, 2013, and April 15, 2013, G.S. caused a Claim of Lien Affidavit of Obligation, with attachments, to be mailed and delivered to the Clerk of Court of Escambia County, Florida.   The properties identified as being subject to said lien were the nine properties previously ordered forfeited to the United States and 13 Oleander.   Due to an insufficient amount of fees being submitted with the documents, the Clerk of Court returned the documents to defendant **PAUL JOHN HANSEN** as directed in the Claim of Lien Affidavit of Obligation.

15.     In or about May 2013, defendant **KENT E. HOVIND** filed a *Bivens* action in the United States District Court for the District of South Carolina in case number 0:13cv1177/MGL.

16.     On or about May 19, 2013, defendant **KENT E. HOVIND** caused a letter to be mailed and delivered to an agent of the United States notifying the agent that Memoranda of Lis Pendens were going to be filed on four of the pieces of real property previously ordered forfeited by the District Court.

17.     Thereafter, on or about May 22, 2013, defendant **PAUL JOHN HANSEN** caused the Claim of Lien Affidavit of Obligation, with attachments, discussed in paragraph 14 above, to be mailed and delivered to the real estate title attorney handling the real estate closings for the United States with regard to the properties previously ordered forfeited by the United States District Court in or about June 2007.

5

18.     On or about May 29, 2013, defendant **KENT E. HOVIND** caused documents titled Memorandum of Lis Pendens to be filed with the Clerk of Court of Escambia County, Florida, on the following four properties previously ordered forfeited to the United States:  21 Cummings Road; 29 Cummings Road; 100 Cummings Road; and 400 Cummings Road.

## B.  THE CHARGE

Between on or about June 1, 2011, and on or about July 1, 2013, in the Northern District of Florida and elsewhere, the defendants,

### KENT E. HOVIND
### and
### PAUL JOHN HANSEN,

did knowingly and willfully conspire, combine, confederate, and agree together and with other persons to devise a scheme to defraud the United States and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises by the use of the United States Postal Service, and by any private and commercial interstate carrier, by mailing, and causing to be delivered, some mail matter, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1341.

## C.  MANNER AND MEANS

It was part of the scheme to defraud that:

1.     In or about June 2007, all right, title, and interest of defendant of **KENT E. HOVIND** and his wife, Jo D. Hovind, was ordered forfeited as to certain pieces of real property.  Thereafter, the government initiated procedures to forfeit the right, title, and

interest of all other persons and entities in the real property.   In or about August 2007, G.S. filed an objection to the forfeiture of nine of the pieces of real property, as a purported trustee for various alleged real property trusts.

2.     In or about July 2009, the United States District Court denied G.S.'s objection to the forfeiture of the real property.   The Court further determined that the purported trusts, of which G.S. was allegedly the trustee, were merely nominee title holders for defendant **KENT E. HOVIND** and his wife, Jo D. Hovind.   As a result, the Court ordered the forfeiture and sale of the nine pieces of real property in a piecemeal fashion as required to satisfy the $430,400 monetary judgment previously entered against **HOVIND** and his wife.   Thereafter, the United States initiated procedures to sell the real properties necessary to satisfy the monetary judgment previously entered.

3.     Beginning in or about June 2011, defendants **KENT E. HOVIND, PAUL JOHN HANSEN,** and others devised a scheme to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises by the use of the United States Postal Service, and by any private and commercial interstate carrier did cause to be sent, delivered, and moved some mail, that is, various documents and pleadings which included, but were not limited to, the following:   letters, liens, Memoranda of Lis Pendens, and Claim of Lien Affidavit of Obligation with attachments. The purpose of the scheme was to defraud the United States and others and to obtain money and property previously ordered forfeited to the United States.

All in violation of Title 18, United States Code, Section 1349.

7

## COUNT TWO

### A.   INTRODUCTION

The allegations contained in paragraphs A1 through A18 and C1 through C3 of Count One are incorporated by reference as if fully set forth herein.

### B.   THE CHARGE

Between on or about May 22, 2013, and on or about May 29, 2013, in the Northern District of Florida and elsewhere, the defendants,

### KENT E. HOVIND
### and
### PAUL JOHN HANSEN,

did willfully, knowingly, and with intent to defraud, devise and intend to devise a scheme to defraud the United States and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises related to a material fact, and for the purpose of executing and in order to effect the scheme and artifice to obtain money, did cause to be sent, delivered, and moved by the United States Postal Service, or by any private and commercial interstate carrier, four Memoranda of Lis Pendens.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

### A.   INTRODUCTION

The allegations contained in paragraphs A1 through A18 and C1 through C3 of Count One are incorporated by reference as if fully set forth herein.

### B.   THE CHARGE

Between on or about May 22, 2013, and on or about May 29, 2013, in the Northern

8

District of Florida and elsewhere, the defendant,

**KENT E. HOVIND,**

did willfully and knowingly disobey and resist a lawful process, decree, and command of a

court of the United States, that is, an Order Forfeiting Substitute Property dated June 28,

2007, forfeiting defendant **KENT E. HOVIND's** right, title, and interest in the pieces of

real property identified therein, and the Order dated June 27, 2012, which enjoined

Creation Science Evangelism, Creation Science Evangelism Foundation, 21 Cummings

Road Trust, 400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N.

Palafox Trust, 29 Cummings Road Trust, and any agent or representative acting on their

behalf, to take no further action to file or attempt to file any liens, notices, financing

statements, and claims of whatever nature with the Clerk of Court in and for Escambia

County, or attempt in any manner to cloud title on said properties without first obtaining

the advice of a licensed Florida attorney or an Order from the Court.

In violation of Title 18, United States Code, Section 401(3).

## COUNT FOUR

### A.   INTRODUCTION

The allegations contained in paragraphs A1 through A18 and C1 through C3 of

Count One are incorporated by reference as if fully set forth herein.

### B.   THE CHARGE

Between on or about April 1, 2013, and on or about April 15, 2013, in the Northern

District of Florida and elsewhere, the defendants,

9

**KENT E. HOVIND**
**and**
**PAUL JOHN HANSEN,**

did willfully, knowingly, and with intent to defraud, devise and intend to devise a scheme

to defraud the United States and for obtaining money and property by means of false and

fraudulent pretenses, representations, and promises related to a material fact, and for the

purpose of executing and in order to effect the scheme and artifice to obtain money, did

cause to be sent, delivered, and moved by the United States Postal Service, or by any

private and commercial interstate carrier, a Claim of Lien Affidavit of Obligation with

attachments.

In violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT FIVE

#### A.  INTRODUCTION

The allegations contained in paragraphs A1 through A18 and C1 through C3 of

Count One are incorporated by reference as if fully set forth herein.

#### B.  THE CHARGE

Between on or about April 1, 2013, and on or about June 3, 2013, in the Northern

District of Florida and elsewhere, the defendant,

**PAUL JOHN HANSEN,**

did willfully and knowingly disobey and resist a lawful process, decree, and command of a

court of the United States, that is, the Order dated June 27, 2012, which enjoined Creation

Science Evangelism, Creation Science Evangelism Foundation, 21 Cummings Road Trust,

400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N. Palafox Trust, 29

10

Cummings Road Trust, and any agent or representative acting on their behalf, to take no further action to file or attempt to file any liens, notices, financing statements, and claims of whatever nature with the Clerk of Court in and for Escambia County, or attempt in any manner to cloud title on said properties without first obtaining the advice of a licensed Florida attorney or an Order from the Court.

In violation of Title 18, United States Code, Section 401(3).

## COUNT SIX

### A.  INTRODUCTION

The allegations contained in paragraphs A1 through A18 and C1 through C3 of Count One are incorporated by reference as if fully set forth herein.

### B.  THE CHARGE

On or about August 19, 2014, in the Northern District of Florida, the defendant,

### PAUL JOHN HANSEN,

did willfully and knowingly disobey and resist a lawful process, decree, and command of a court of the United States, namely:

1.      The Federal Grand Jury seated in Pensacola, Florida, was lawfully investigating a matter within the jurisdiction of the United States.

2.      On or about July 24, 2014, a Grand Jury Subpoena Duces Tecum (subpoena number 19424) was issued to defendant **PAUL JOHN HANSEN** directing **HANSEN** to appear on August 19, 2014, to provide handwriting samples and major case fingerprints.

3.      On or about July 31, 2014, defendant **PAUL JOHN HANSEN** was personally served with the Grand Jury's Subpoena Duces Tecum.  The subpoena directed

11

**HANSEN** to appear at the United States Courthouse, 1 North Palafox Street, Pensacola,

Florida, on August 19, 2014, at 9:00 am.

      4.    On August 19, 2014, defendant **PAUL JOHN HANSEN** failed to appear

before the Grand Jury.

      In violation of Title 18, United States Code, Section 401(3).

                      A TRUE BILL:

Redacted per privacy policy

FOREPERSON

DATE 11/18/2014

PAMELA C. MARSH
United States Attorney

TIFFANY H. EGGERS
Assistant United States Attorney

12