**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                              CASE NO.     3:14cr91/MCR

**KENT E. HOVIND**

---

**GOVERNMENT'S RESPONSE AND MEMORANDUM IN OPPOSITION TO
DEFENDANT HOVIND'S RULE 29 MOTION**

COMES NOW the United States of America and files this Response and Memorandum in Opposition to defendant Kent E. Hovind's Federal Rules of Criminal Procedure, Rule 29 Motion.

1. On or about March 2, 2015, a jury was selected in the above entitled and numbered case on the six-count Superseding Indictment against defendants Kent E. Hovind and Paul John Hansen. (Docs. 28 & 142).

2. On or about March 12, 2015, the jury returned guilty verdicts on Count Three against defendant Hovind, and Counts Five and Six against defendant Hansen. (Docs. 142 & 145). Sentencing is scheduled on said counts for June 12, 2015. (Doc. 145). The jury returned a not guilty verdict as to Hansen on Count Two. (Docs. 142 & 145). The jury was unable to reach a verdict as to Hovind on Counts One, Two, and Four, and as to Hansen on Counts One and Four.[1] (Docs. 142 & 145).

---

[1] The Court has since declared a mistrial as to said counts. (Docs. 150 & 152). On March 20, 2013, the government filed a Notice of Intent to Proceed to Trial on said counts. (Doc. 153).

3. Count Three charged defendant Hovind with Contempt of Court, in violation of Title 18, United States Code, Section 401(3). (Doc. 28). That is, Count Three charged that defendant Hovind,

> did willfully and knowingly disobey and resist a lawful process, decree, and command of a court of the United States, that is, an Order Forfeiting Substitute Property dated June 28, 2007, forfeiting defendant **KENT E. HOVIND's** right, title, and interest in the pieces of real property identified therein, and the Order dated June 27, 2012, which enjoined Creation Science Evangelism, Creation Science Evangelism Foundation, 21 Cummings Road Trust, 400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N. Palafox Trust, 29 Cummings Road Trust, and any agent or representative acting on their behalf, to take no further action to file or attempt to file any liens, notices, financing statements, and claims of whatever nature with the Clerk of Court in and for Escambia County, or attempt in any manner to cloud title on said properties without first obtaining the advice of a licensed Florida attorney or an Order from the Court.

(Doc. 28).

4. Following the close of the government's evidence, defendant Hovind moved for a judgment of acquittal pursuant to Federal Rules of Criminal Procedure, Rule 29 as to all counts against him. (Doc. 142). The Court denied defendant Hovind's motion as to Counts One, Two, and Four. (Doc. 142). On Count Three, the Court took defendant Hovind's motion under advisement as it concerned the Court's Order Forfeiting Substitute Property dated June 28, 2007. (Doc. 142).

5. On or about March 13, 2015, the Court entered an Order notifying the parties that they had ten days from the date of the Court's Order to "submit written arguments in support of or in opposition to Defendant Kent E. Hovind's Rule 29 Motion for Judgment of Acquittal" with respect to Count Three. (Doc. 140). At this time, the

2

government files its response and memorandum in opposition to defendant Hovind's Rule 29 motion.

## MEMORANDUM

Federal Rules of Criminal Procedure, Rule 29 provides,

> **(a)  Before Submission to the Jury.**  After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  The court may on its own consider whether the evidence is insufficient to sustain a conviction.  If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.
> **(b)  Reserving Decision**.  The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.  If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

In determining if there was sufficient evidence to support a jury's verdict, "the evidence is viewed in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor."  *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997); *United States v. Holt*, 777 F.3d 1234, 1259 (11th Cir. 2015) (citing *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).  "The verdict must stand if there is substantial evidence to support it, that is unless no trier of fact could have found guilty beyond a reasonable doubt."  *Calderon*, 127 F.3d at 1324 (internal quotation omitted); *accord United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).  A reviewing court, "resolve[s] any conflicts in favor of the government, draw[s] all reasonable inferences that tend to support the prosecution's case,

and assume[s] that the jury made all credibility choices in support of the verdict." *Holt*, 777 F.3d at 1259. "Evidence is sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilty beyond a reasonable doubt." *Maxwell*, 579 F.3d at 1299 (internal quotation omitted). "[T]he question is whether reasonable minds *could* have found guilt beyond a reasonable doubt, not whether reasonable minds *must* have found guilt beyond a reasonable doubt." *United States v. Bacon*, 598 F.3d 772, 775 (11th Cir. 2010) (internal quotation omitted) (emphasis in original) (quoting *United States v. Ellisor*, 522 F.3d 1255, 1271 (11th Cir. 2008); *accord United States v. Flores*, 572 F.3d 1254, 1262 (11th Cir. 2009). Accordingly,

> It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty . . . . The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury.

*United States v. Garcia*, 447 F.3d 1327, 1334 (11th Cir. 2006) (internal quotations omitted); *accord United States v. Svete*, 521 F.3d 1302, 1307 (11th Cir. 2009) (*per curiam*), *reinstated after rehearing en banc on other grounds,* 565 F.3d 1363 (11th Cir. 2009) (*per curiam*).

      Title 18, United States Code, Section 401 provides,

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
> . . .
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

4

It is well settled that the elements of an 18 U.S.C. 401(3) violation are "the court entered a lawful order of reasonable specificity, [the defendant] violated it, and the violation was willful."[2] *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987); *United States v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001); *United States v. Straub*, 508 F.3d 1003, 1010 (11th Cir. 2007).

"To support a conviction for criminal contempt for violation of an order of a court, the order must be reasonably specific." *United States v. Turner*, 812 F.2d 1552, 1565 (11th Cir. 1987) (citing *United States v. Joyce,* 498 F.2d 592, 596 (7th Cir. 1974); *Traub v. United States*, 232 F.2d 43, 47 (D.C. Cir. 1955)). "The reasonable specificity element involves a *factual inquiry* that 'must be evaluated in the context in which it is entered and the audience to which it is addressed.'" *Bernardine*, 237 F.3d at 1282 (emphasis added) (*quoting In re McDonald*, 819 F.2d 1020, 1024 (11th Cir. 1987)). Simply put, "The reasonableness of the specificity of an order is a *question of fact* and must be evaluated in the context in which it is entered and the audience to which it is addressed." *Turner*, 812 F.2d at 1565 (emphasis added) (*citing In re Williams*, 509 F.2d 949, 960 (2nd Cir. 1975)). The "reasonable specificity" requirement is only met "if it is 'clear, definite and unambiguous' [in] requiring the action in question."[3] *Bush Ranch*

---

[2] Pursuant to the authority cited by the Court during the charge conference, the Court instructed the jury that the elements of a violation of 18 U.S.C. § 401(3) include the following:
    (1)    The Court entered a lawful Order of reasonable specificity;
    (2)    The Defendant knowingly violated the Order; and
    (3)    The violation was willful.
(Doc. 143, pg. 20).

[3] The Court instructed the jury that "reasonable specificity" is "evaluated in the context in which it was entered and the audience to which it was addressed, and must be clear, definite and unambiguous in requiring or prohibiting the action in question." (Doc. 143, pg. 20). In the context of contempt, the Court instructed the jury that "'willful' means a deliberate and intended violation of a court order, rather than accidental, inadvertent, or negligent." (Doc. 143, pg. 23).

*Inc. v. E.I. DuPont De Nemours & Co.,* 99 F.3d 363, 370 (11th Cir. 1996); *Bernardine*, 237 F.3d at 1282; *see also*, *United States v. Barnette*, 902 F.Supp. 1522, 1539-41 (MDFL 1995) (finding defendant in civil contempt for "engag[ing] in a systematic effort designed to evade the terms" of a criminal forfeiture judgment).

A review of the evidence in the "light most favorable to the government" shows that the defendant's Rule 29 motion should be denied. The government's evidence showed that "the court entered a lawful order of reasonable specificity" that is, the Order Forfeiting Substitute Property dated June 28, 2007, forfeiting defendant Hovind's right, title, and interest in the pieces of real property identified therein, and the defendant willfully violated said Order. More specifically, the government's evidence proved the following:

- In July 2006, the Grand Jury in the Northern District of Florida returned a fifty-eight count Indictment against defendant Hovind and his wife, Jo D. Hovind, for various charges including failure to withhold payroll taxes of CSE employees, structuring, and impairing and impeding the lawful function of the Internal Revenue Service in case number 3:06cr83/MCR.  (Exhibit 1).

- On or about November 2, 2006, Hovind and his wife were found guilty by a jury, and thereafter, the jury also unanimously found that $430,400 was subject to forfeiture.  (Exhibits 2 – 4a).

- On or about November 29, 2006, the United States filed *lis pendens* on ten pieces of real property that had been identified as being subject to forfeiture. (Exhibits 5a – 5j).  The same day, the United States filed a Motion and

   Memorandum to Forfeit Substitute Property, seeking to forfeit the ten pieces of real property and a Wachovia Bank account in order to satisfy the monetary judgment. (Exhibit 9a).

- On January 19, 2007, defendant Hovind was sentenced by the Court to ten years in prison. (Exhibit 6a). As a part of the sentence imposed, defendant Hovind was ordered to pay $430,400 pursuant to the forfeiture judgment and ordered to pay $604,874.87 in restitution, $5,800 in special monetary assessments, and a $2,000 fine. (Exhibit 6a).

- Prior to going to prison, defendant Hovind paid Glen Stoll $20,000 to "defend CSE." (Exhibits 31n-3 & 31n-4).

- Thereafter, the Court entered a Final Order of Forfeiture in the form of a monetary judgment in the amount of $430,400 against defendant Hovind and his wife as a result of the jury's finding. (Exhibits 7 & 8).

- On or about June 28, 2007, the Court entered an Order Forfeiting Substitute Property, which forfeited *all* of defendant Hovind and his wife's interest in the following real properties: 5720 North Palafox Highway; 400 Block Cummings Road; 5800 Block North Old Palafox Street; 29 Cummings Road; 21 Cummings Road; 100 Cummings Road; 23 Cummings Road; 120 Oleander Road; 12 Oleander Road; 116 Cummings Road, and a Wachovia Bank account. (Exhibit 9b) (*emphasis added*).

- Thereafter, third party claimant Eric Hovind filed an objection to the forfeiture of 23 Cummings Road, and third party claimant Glen Stoll filed an objection

- to the forfeiture of the remaining nine pieces of real property, as purported trustee for various alleged trusts. (Exhibits 9c & 9d).

- In August 2007, following Jo Hovind's sentencing, Jo Hovind moved to stay the forfeiture pending her appeal to the Eleventh Circuit Court of Appeals. (Exhibit S-3, line 22). Jo Hovind's motion to stay was denied by the Court. (Exhibit S-3, line 23).

- In March 2009, the Eleventh Circuit Court of Appeals affirmed the Hovinds' conviction and sentence. (Exhibit 72). The appellate court also affirmed, this Court's June 28, 2007, Order Forfeiting Substitute Property.[4] (Exhibit 72).

- On or about July 29, 2009, this Court entered an Order on the government's Motion for Summary Judgment which sought to forfeit third party claimants Eric Hovind and Glen Stoll's interest in the respective properties and bank account. (Exhibit 10b). As part of the Court's Order, the Court determined that by the time defendant Hovind and his wife began "transferring the five individual trust properties and the CSE Foundation properties to Stoll's trusts, the Hovinds had already engaged in serious criminal conduct." (Exhibit 10b, pg. 5). The Court further determined that Glen Stoll was a "nominee title holder of the substitute forfeiture properties held in trusts for which he acts as trustee. . . ." (Exhibit 10b, pg. 14).

---

[4] Jo Hovind appealed the Court's Order forfeiting substitute property. (Exhibit 72). As part of the Eleventh Circuit's Opinion, the Court addressed the sufficiency of the evidence for Count Fifty-Eight, impairing and impeding the lawful function of the Internal Revenue Service. (Exhibit 72, pgs. 17 & 18). In addressing the sufficiency, the Eleventh Circuit noted that, "Kent [Hovind] filed complaints and sued agents of the Internal Revenue Service and instituted legal proceedings to circumvent the lawful seizure of his assets." (Exhibit 72, pgs. 17 & 18).

- On or about September 14, 2009, defendant Hovind filed a Motion to Stay the forfeiture proceedings; the motion was denied by the Court.[5] (Exhibit S-3, lines 28 & 29).

- On or about May 27, 2010, defendant Hovind filed a second Motion to Stay the forfeiture proceedings; the motion was denied by the Court. (Exhibit S-3, lines 46 & 47).

- On or about December 15, 2010, defendant Hovind filed a third Motion to Stay the forfeiture proceedings; the motion was denied by the Court. (Exhibit S-3, lines 55 & 66).

- On or about February 3, 2011, defendant Hovind filed a Motion for Reconsideration as to Stay of the Criminal Forfeiture Proceedings; the motion was denied by the Court. (Exhibit S-3, lines 67 & 68).

- In April and June 2011, defendant Hovind directed his son Eric Hovind on three occasions to send money to defendant Hansen on or about the below identified dates:
    - April 6, 2011 - $300;
    - June 6, 2011 - $300; and,
    - June 10, 2011 - $400. (Exhibit 47i).

- Notably, between June and September 2011, in three separate mailings defendant Hansen mailed nine purported liens to the Escambia County Clerk

---

[5] Defendant Hovind's motion was titled "Defendants {sic} Expedited Motion to Stay Proceedings Pending Judicial Determination in a Related Matter." (3:06cr83/MCR, Doc. 330). A review of the motion shows that defendant Hovind asked the Court to stay the Court's July 29, 2009, Order on the government's Motion for Summary Judgment which sought to forfeit third party claimants Eric Hovind and Glen Stoll's interest in the properties. (3:06cr83/MCR, Doc. 330).

of Court for filing on the nine pieces of real property the Court ordered defendant Hovind's interest forfeited in the June 28, 2007, Order, and Ordered forfeited to the United States in July 2009. (Exhibit 15 Series, 16 Series, and 17 Series).

- On or about September 14, 2011, defendant Hovind directed his son Eric Hovind to send an additional $800 to defendant Hansen. (Exhibit 47i).

- Approximately five days later, on or about September 19, 2011, defendant Hansen mailed and caused to be filed a "Quiet Title – Equitable Action" with the Escambia County Clerk of Court as purported director and trustee of the very same trusts Glen Stoll purportedly represented. (Exhibit 18 Series). This case was later removed to federal court as case number 3:11cv475/MCR. (Exhibit 19 Series). Defendant Hansen attempted to file pleadings in federal court; however, they were rejected by the Court. (Exhibit 19 Series).

- In December 2011, defendant Hansen sent a letter to Anthony Jaworski demanding that he pay the purported trust "5720 Trust" $14,600 for having occupied the property since July 7, 2011. (Exhibit 54b).

- On or about March 26, 2012, the United States filed a Complaint in United States District Court seeking to have defendant Hansen's liens declared null and void in case number 3:12cv136/MCR. (Exhibit 20a). The United States further sought a permanent injunction against Creation Science Evangelism, the various purported trusts, and any agent or representative acting on their behalf from being allowed to take further action to file or attempt to file any

liens, notices, financing statements, and claims of whatever nature with the Clerk of Court in and for Escambia County. (Exhibit 20a). Answers were due by May 3, 2012. (Exhibit 20).

- On or about June 1, 2012, defendant Hovind sent an email to his son Eric Hovind that stated,

    > Has the $ been sent to Paul yet? I am running out of time to file the legal paperwork (15th) and he needs the $ asap. I do not want you to turn the entire account over to him. Just the 4k we discussed. Please send him the $ right away. He sent a bill I believe and time is of the essence! Please let me know when this is done.

    (Exhibit 45c). Thereafter, in said email chain, defendant Hovind said that "the 'buyer' in 5720 has been noticed of the fraud and will lose it." (Exhibit 45c).

- Thereafter, defendant Hansen attempted to file pleadings in federal court; however, Hansen's pleadings were rejected by the Court. (Exhibits 20c & 20d). In the Court's Order dated June 4, 2012, the Court directed the defendants to show cause within fourteen days as to why a default should not be entered. (Exhibit 20d).

- On or about June 11, 2012, the United States filed a Motion for Default Summary Judgment in case number 3:12cv136/MCR. (Exhibit 20e).

- On or about June 15, 2012, as a result of defendant Hovind's direction, Eric Hovind sent $4,000 to defendant Hansen. (Exhibit 47i). At or about the same time frame, defendant Hansen engaged in email communication with an attorney asking that the attorney assist in civil case 3:12cv136/MCR.

(Exhibits 46c & 46d).  No activity took place nor were any pleadings filed in defendant Hovind's criminal case during this time period.  (Exhibit 67).

- On or about June 27, 2012, the Court granted the government's Motion for Summary Judgment.  (Exhibit 20f).  As part of the Order, the Court held that defendant Hansen's liens were null and void and entered the injunction sought by the United States.  (Exhibit 20f).

- On or about April 15, 2013, defendant Hansen and Glen Stoll caused a Claim of Lien Affidavit of Obligation, with attachments, to be mailed and delivered to the Clerk of Court of Escambia County, Florida.  (Exhibit 27 Series).  Due to insufficient filing fees, the document was mailed back to defendant Hansen.  (Exhibit 27 Series).

- On or about May 22, 2013, defendant Hovind signed and mailed four *lis pendens* for four of the properties which the Court had previously ordered Hovind's interest forfeited, that is, 21 Cummings Road; 29 Cummings Road; 100 Cummings Road; and 400 Cummings Road to his son in law.  (Exhibit 28 Series).  Closings on these four properties were anticipated to occur in the very near future with sales to defendant Hovind's family members.  Thereafter, Hovind directed his son in law to file the *lis pendens* on the four properties with the Escambia County Clerk of Court.  (Exhibit 28 Series).

- On the same day defendant Hovind signed and mailed the four *lis pendens*, defendant Hansen mailed the Claim of Lien Affidavit of Obligation, with attachments (previously returned to him by the Escambia County Clerk of

Court) to the title attorney handling the closings on the same four pieces of property. (Exhibit 25 Series).

- On or about July 13, 2013, defendant Hovind sent an email to his son Eric Hovind that stated,

> During this entire legal battle the properties are off the county tax roles :), you have a rental agreement :), they are holding your down payment so you are locked in as a first buyer if they come avail. :) and CSE has lines :) and a criminal complaint :) and I have a lis pendens filed :). The prop isn't going anywhere. Use it.

(Exhibit 47b).

- On or about July 15, 2013, defendant Hovind sent a letter to Anthony Jaworski, the purchaser of 5720 North Palafox. (Exhibit 55a). In said letter, defendant Hovind stated, "both the Trustees Paul Hansen in Omaha and Glen Stoll in Edmonds, WA are working to overturn this travesty of justice from their side while I also fight in my personal capacity." (Exhibit 55a).

- On or about August 22, 2013, the United States filed a Motion for Order to Show Cause and Discharge of Liens seeking to have defendant Hovind's *lis pendens* removed and declared null and void. (Exhibit S-3, line 140).

- On or about October 11, 2013, defendant Hovind made the following statement to his son-in-law Paul Dublin, "Okay. I have some um. I'm going to win this case and I'm going to get the property back in the name of CSE. I have two very serious buyers for the whole thing in toto. Buy it all." (Exhibit 31l-2).

13

- On or about December 18, 2013, defendant Hovind made the following statements to his son Eric Hovind,

    > Okay. Well maybe everything is fine. Uh. But just. And I think you know it and there is no sense debating it anymore. You know that I still think Dr. Dino, CSE, uh the assets that I left you with are mine and are mine when I get home.
    >
    > . . .
    >
    > Right. Their CSE is controlled by me and I get to decide what to do with it. Now here's one option.

(Exhibit 31p-1).

- On or about December 31, 2013, defendant Hovind told his daughter Marlissa Dublin that a *lis pendens* is like "dog crap," and like a *lis pendens* it is difficult to remove. (Exhibits 31s-1 & 31s-2).

- On or about July 9, 2014, defendant Hovind made the following statement to an individual named Mark Harrison,

    > If I don't win my case right away, my plans are to keep fighting until I die. Uh. I'm gonna. I'm gonna sue them and then sue them again and then sue them again just because it's fun. I like being on the offensive. The best defense is a good offense.

(Exhibits 31w-1 & 31w-2).

- On or about November 2, 2014, defendant Hovind made the following statement to an unknown male,

    > So when I was up in New Hampshire, my, my cellie who's the law genius up there, said well Kent the court banned the trust from filing any more liens but that doesn't apply to you. You're not the trustee. That's not your property but she said it was so you can file a lien. I said okay. So I filed

>    a lis pendens which I don't think is the same as the lien.  I
>    don't know.

(Exhibit 32b-2).

Viewing the evidence in the "light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor," shows that "the court entered a lawful order of reasonable specificity, [the defendant] violated it, and the violation was willful." *Turner*, 812 F.2d at 1563.  That is, the evidence proved that since the Court's June 28, 2007, Order forfeiting the defendant's right, title, and interest in the substitute property, the defendant has engaged in a systematic effort designed to disobey, resist, and evade the terms of this Court's criminal forfeiture judgment.  The reasonableness of the specificity of the Court's Order was a *question of fact* for the jury.  Following a correct instruction on the law, the jury determined the government met its burden.  Therefore, the government asks the Court to deny the defendant's Rule 29 motion.

WHEREFORE, the undersigned Assistant United States Attorney files this response and memorandum in opposition with the Court.

    Respectfully submitted,

    PAMELA C. MARSH
    United States Attorney

    ***/s/ Tiffany H. Eggers***
    TIFFANY H. EGGERS
    Assistant United States Attorney
    Florida Bar Number 193968
    21 E. Garden Street, Suite 400
    Pensacola, Florida  32502-5675
    (850) 444-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically using the Court's CM/ECF system and therefore Thomas S. Keith and J. Christopher Klotz are scheduled to receive a copy on this 21st day of March, 2015.

/s/ *Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney