UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.  CASE NO:  3:14cr91/MCR

**KENT E. HOVIND, and**
**PAUL JOHN HANSEN,**

      **Defendants.**
_____/

## ORDER

This case involves the criminal prosecution of Defendants Kent E. Hovind and Paul John Hansen on charges of mail fraud, conspiracy to commit mail fraud, and criminal contempt. A jury trial was held in March 2015. At the conclusion of the trial, the jury found Hovind guilty of one count of contempt in relation to a previous Order of the Court forfeiting his interest in certain real property, Doc. 212, *United States v. Hovind*, No. 3:06-cr-83/MCR (N.D. Fla. June 28, 2007) ("Forfeiture Order").[1] The jury was unable to reach a unanimous agreement on the remaining charges against Hovind, and, accordingly, a mistrial was declared as to those counts. *See* Doc. 150. At the close of the Government's case-in-chief, Hovind orally moved for a Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing among other things that there was insufficient evidence to support a conviction for criminal contempt of the Forfeiture Order. The Court took the motion under advisement and requested briefing from the parties. Having fully and carefully considered the matter, the Court finds the motion is due to be granted.

This case is related to a prior criminal prosecution of Hovind and his wife, in which they were charged in a fifty-eight count indictment with tax crimes, structuring crimes, and obstruction, all related to their ownership and operation of a business in

---

[1] The Forfeiture Order is included as an Appendix to this Order.

Pensacola known as Creation Science Evangelism Enterprises/Ministry ("Creation Science Evangelism"). Both defendants were convicted as charged, and Kent Hovind was sentenced to a 120 month prison term. The jury also forfeited $430,400 to the United States.

Based on the jury's verdict and pursuant to 18 U.S.C. § 982, which provides for the criminal forfeiture of property interests in certain instances, the Court entered an Order forfeiting the Hovinds' interest in the $430,400 to the United States and a subsequent Order – referred to here as the "Forfeiture Order" – forfeiting their interests in ten parcels of real property in partial substitution of the $430,400 forfeiture judgment. The charges in the present case relate to Hovind's fraudulent efforts to prevent the Government from disposing of nine of those ten parcels of property. Count Three of the Superseding Indictment specifically charged the following:

> Between on or about May 22, 2013, and on or about May 29, 2013, in the Northern District of Florida and elsewhere, the defendant, Kent E. Hovind, did willfully and knowingly disobey and resist a lawful process, decree, and command of a court of the United States, that is,
>
> [1] an Order Forfeiting Substitute Property dated June 28, 2007, forfeiting defendant Kent E. Hovind's right, title, and interest in the pieces of real property identified therein [i.e., the "Forfeiture Order"], and
>
> [2] the Order dated June 27, 2012, which enjoined Creation Science Evangelism, Creation Science Evangelism Foundation, 21 Cummings Road Trust, 400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N. Palafox Trust, 29 Cummings Road Trust, and any agent or representative acting on their behalf, to take no further action to file or attempt to file any liens, notices, financing statements, and claims of whatever nature with the Clerk of Court in and for Escambia County, or attempt in any manner to cloud title on said properties without first obtaining the advice of a licensed Florida attorney or an Order from the Court. In violation of Title 18, United States Code, Section 401(3).

Doc. 28, at 8-9. The Verdict Form required the jury to consider each Order separately, and in doing so, the jury found Hovind guilty of violating only the Forfeiture Order.

Rule 29 of the Federal Rules of Criminal Procedure directs the court, on a defendant's motion, to "enter a judgment of acquittal of any offense for which the

evidence is insufficient to sustain a conviction."[2] Fed. R. Crim. P. 29(a). In deciding a Rule 29(a) motion, the court "view[s] the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Holden*, 2015 WL 542274 (11th Cir. 2015) (citation omitted). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* (quoting *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir. 2013)).

Title 18 of the United States Code section 401 makes it a crime for anyone to disobey or resist a lawful order of a Court of the United States. *See* 18 U.S.C. § 401. For a defendant to be found guilty of criminal contempt, the Government must prove the following elements beyond a reasonable doubt:

(1) The court entered a lawful order of reasonable specificity;
(2) The defendant violated the order; and
(3) The violation was willful.

*United States v. Bernadine*, 237 F.3d 1279, 1282 (11th Cir. 2001). *See also United States v. Maynard*, 933 F.2d 918, 920 (11th Cir. 1991).

Hovind argues he is entitled to Judgment of Acquittal on Count Three because the Forfeiture Order merely forfeits his interest in the properties at issue and does not contain any language, much less clear and specific language, directing him to take or refrain from any action; thus, he cannot be guilty of willfully violating the Order by filing *lis pendens* on the properties.[3] In response, the Government argues there was substantial evidence at trial showing that Hovind engaged in a "systematic effort" to

---

[2] Rule 29(b) further provides:

> The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion . . . after [the jury] returns a verdict of guilty . . . . If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Fed. R. Crim. P. 29(b).

[3] The June 27, 2012 Order did contain a clear prohibition on the filing of *lis pendens* on the properties; however, the jury decided Hovind did not willfully violate that Order.

disobey and evade the Forfeiture Order, which is more than sufficient to support the jury's guilty verdict.

In determining whether a court order meets the "reasonable specificity" element, the Court must evaluate the order in the context in which it was entered and the audience to which it was addressed. *Bernadine*, 237 F.3d at 1282 (internal marks omitted). An order meets the "reasonable specificity" requirement "only if it is clear, definite and unambiguous in requiring [or prohibiting] the action in question." *Id.* (internal marks omitted). "The reasonableness of the specificity of an order is a question of fact . . . ." *United States v. Turner*, 812 F.2d 1552, 1565 (11th Cir. 1987). "Willfullness," as used in the context of criminal context, is a "deliberate or intended violation" rather than one that is "accidental, inadvertent or negligent." *Bernadine*, 237 F.3d at 1282 n.2 (quoting *United States v. Baldwin*, 770 F.2d 1550, 1558 (11th Cir. 1985)).

There is no question the Government presented substantial evidence at trial from which a reasonable jury could have found that Hovind caused *lis pendens* to be filed on several of the properties identified in the Forfeiture Order. The question though is whether Hovind's conduct – particularly, the filing of the *lis pendens* – was clearly prohibited by the Forfeiture Order. The Forfeiture Order does not specifically prohibit Hovind from filing *lis pendens* against the forfeited properties; indeed, the Order does not prohibit any conduct at all. Instead, it simply forfeited the real property in partial substitution for the money forfeiture judgment. The Government has not cited any authority for the proposition that Hovind can be guilty of contempt for interfering with or evading an Order that did not speak directly to his conduct. Thus, the guilty verdict on Count Three cannot stand. *See United States v. Petroski*, 132 F.3d 1454 (5th Cir. 1997) (reversing criminal contempt conviction because written order directing the defendant, a plaintiff's attorney, "not to . . . introduce any evidence regarding the financial status of the [d]efendant," did not clearly and unambiguously specify that attorney could not introduce defendant's payroll information, as opposed to evidence regarding its net worth); *cf. In re Fischer*, 501 B.R. 346, 350 (B.A.P. 8th Cir. 2013) (finding bank not liable for *civil* contempt where the order at issue did not impose any duties on the bank, stating, "[i]f the underlying order contains no operative commands,


only abstract legal conclusions or compels no action then a finding of contempt is not warranted").[4]

Accordingly, Kent E. Hovind's Motion for Judgment of Acquittal on Count Three of the Superseding Indictment (Doc. 154) is **GRANTED**. Judgment will be entered by separate Order.

**DONE and ORDERED** this 18th day of May, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] The absence of any specific prohibition or direction in the Forfeiture Order is in stark contrast to court orders that have been deemed sufficiently specific to satisfy 18 U.S.C. § 401. *See, e.g.*, *In re Hipp*, 5 F.3d 109, 111-13 (5th Cir. 1993) (order reasonably instructed defendant not to file *lis pendens* where order directed defendant "not to take any action of any nature whatsoever to interfere with the sale of the [property]," stating specifically that "no *lis pendens* are to be filed . . . which would delay the sale, without prior permission of this Court"); *United States v. Straub*, 508 F.3d 1003, 1010-12 (11th Cir. 2007) (rejecting defendant's argument that a court order prohibiting his presence on the premises of his business while a boat was removed was not reasonably specific where the order specifically named the defendant and stated that he "shall not interfere in any manner with the removal of [the boat] . . ., and shall not be present on [the] premises during the removal"); *United States v. Hoover*, 240 F.3d 593, 595-97 (7th Cir. 2001) (court order that defendant "not cash, negotiate or transfer any United States savings bonds, period," was reasonably specific to uphold defendant's criminal contempt conviction for giving physical possession of half of the savings bonds to his son).

**Appendix**

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                            Case No. 3:06cr83/MCR

**KENT E. HOVIND
and
JO D. HOVIND**

_____/

**ORDER FORFEITING SUBSTITUTE PROPERTY**

This matter came before the Court on the United States' motion to forfeit certain property of defendants Kent E. Hovind and Jo D. Hovind in substitution for the $430,400.00 money judgment entered by the jury in a special verdict of forfeiture on November 2, 2006, and the Preliminary Order of Forfeiture on November 13, 2006, forfeiting said currency to the United States. Having reviewed the Government's motion and considering the relevant evidence presented at trial, this Court hereby FINDS that the defendants Kent E. Hovind and Jo D. Hovind have transferred, deposited into the name of third parties, or otherwise disposed of the $430,400.00 in forfeited proceeds or that said forfeited proceeds cannot be located upon the exercise of due diligence;

WHEREFORE, IT IS HEREBY ORDERED that:

All of defendants Kent E. Hovind and Jo D. Hovind's interest in and to the subject contents of Wachovia account number 20000-2577-8577; and real property located at:

1. 5720 North Palafox Highway, Pensacola, Florida;
2. 400 block Cummings Road, Pensacola, Florida;
3. 5800 block North Old Palafox Street, Pensacola, Florida;
4. 29 Cummings Road, Pensacola, Florida;
5. 21 Cummings Road, Pensacola, Florida;

  6. 100 Cummings Road, Pensacola, Florida;

  7. 23 Cummings Road, Pensacola, Florida;

  8. 120 Oleander Road, Pensacola, Florida;

  9. 12 Oleander Road, Pensacola, Florida; and

  10. 116 Cummings Road, Pensacola, Florida,

is hereby FORFEITED to the United States in partial substitution for the $430,400.00 forfeiture judgment.

  IT IS FURTHER ORDERED that the above substitute property is subject to the disposition of any third party claims to said currency pursuant to Title 21, United States Code, Section 853(n);

  IT IS FURTHER ORDERED that upon adjudication of all third party interests, the United States shall dispose of all above substitute property in accordance with law.

  IT IS SO ORDERED this 27th day of June, 2006.

        s/ *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **CHIEF UNITED STATES DISTRICT JUDGE**